IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WASHINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>LANCASTER STATE PRISON,<br><br>    Defendant._____/ | No. C 14-04755 DMR (PR)<br><br>**ORDER OF TRANSFER** |

This action was opened on October 27, 2014, when the Court received from Inmate Washington a letter to the Honorable Judges Thelton E. Henderson, Stephen Reinhardt, and Lawrence K. Karlton that concerned prison conditions.

On the same date, the Clerk of the Court notified Plaintiff in writing that his action was deficient in that he had not submitted his complaint on a proper complaint form and had not submitted an *in forma pauperis* application. The Clerk further notified him that this action would be dismissed if he did not submit a complaint on the proper form and a completed *in forma pauperis* application within twenty-eight days. In addition, the Clerk notified Plaintiff in writing that this matter had been assigned to the undersigned Magistrate Judge.

On November 17, 2014, Plaintiff filed his complaint and an *in forma pauperis* application. Dkt. 5, 6. Plaintiff has also consented to magistrate judge jurisdiction. Dkt. 7.

A review of Plaintiff's complaint reveals that he has initiated his civil action in the wrong judicial district because he alleges constitutional violations stemming from his incarceration at California State Prison - Los Angeles County ("Lancaster") in Lancaster, California.

Lancaster is located in the Central District of California, and it appears that Defendants reside in that district. Venue, therefore, properly lies in that district and not in this one. *See* 28 U.S.C. § 1391(b).

Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action is TRANSFERRED to the Western Division of the United States District Court for the Central District of California.[1] The Clerk shall transfer the case forthwith.

All remaining motions are TERMINATED on this Court's docket as no longer pending in this district.

IT IS SO ORDERED.

Dated: 11/24/14

DONNA M. RYU
United States Magistrate Judge

---

[1] Venue transfer is a non-dispositive matter and, thus, it falls within the scope of the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).